IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENCO BUILDERS, INC., | : | |
|     Plaintiff, | : | No. 25-cv-5896-JMY |
| | : | |
| vs. | : | |
| | : | |
| NAUTILUS INSURANCE COMPANY, | : | |
| CARITAS CONSTRUCTION, CARITAS | : | |
| MANAGEMENT, LLC, GY POPLAR B | : | |
| DEVELOPMENT AND JMR | : | |
| IRONWORKS, LLC. | : | |
|     Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                 January 23, 2026

      This declaratory judgment action arises from a contractual and insurance coverage dispute between Plaintiff and Defendants.  Defendant, Nautilus Insurance Company ("Nautilus") removed this action on the basis of alleged diversity jurisdiction.  (Notice of Removal, ECF No. 1.)  Plaintiff's Motion to Remand to the Philadelphia Court of Common Pleas is now before the Court.  (Motion to Remand, ECF No. 8.)  Plaintiff has also filed a Motion for Leave to File an Amended Complaint.  (Motion for Leave to File an Amended Complaint, ECF No. 16.)

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

      On or about September 15, 2025, Plaintiff, Venco Builders, LLC, commenced this breach of contract declaratory judgment action in Philadelphia County Court of Common Pleas.  (Complaint, Notice of Removal, Exhibit A, ECF No. 1-3.)  Defendant Nautilus was served with Plaintiff's Complaint on September 21, 2025 via USPS Certified Mail.  (Affidavit of Service, Motion to Amend Complaint, Exhibit A, ECF No. 16-4.)  Nathan Tayoun accepted service of the Complaint on behalf of Caritas Construction and Caritas Management, LLC.  (Acceptance of Service, *Id.*, Exhibit B.)

In this action, Plaintiff advances claims for breach of contract against Defendants in relationship to a dispute about insurance coverage for an underlying personal injury lawsuit filed by an employee of Defendant, JMR Ironworks, who was allegedly injured on November 12, 2022, at a construction project located at 918-80 Delaware Avenue / 29-45 Poplar Street, Philadelphia, PA 19123. *Leandro Martins Reis v. Venco Builders, Inc., et al.*, November Term, 2023, No. 1517 (C.P. Phila. July 24, 2025) (underlying personal injury lawsuit filed by the employee of Defendant, JMR Ironworks.). Specifically, the above-captioned lawsuit involves a dispute between Plaintiff, JMR Ironworks, and Defendant Nautilus regarding whether Plaintiff was an additional insured under JMR Ironworks' policy. (Complaint.)

Plaintiff alleges that Defendant Nautilus issued a commercial insurance coverage policy and an excess liability umbrella insurance coverage policy (hereinafter, the "Nautilus Policies") to JMR Ironworks. (*Id.* ¶¶ 30-31.) Plaintiff also alleges that JMR Ironworks obtained a certificate of insurance reportedly confirming that Plaintiff and Defendants Caritas Construction, Caritas Management, and GY Poplar B Development were all included as Additional Insureds under the Nautilus Policies with regard to the construction of Building B of the construction project located at 918-80 Delaware Avenue / 29-45 Poplar Street, Philadelphia, PA 19123. (*Id.* ¶¶ 15, 32.) Plaintiff contends that the certificate of insurance establishes JMR Ironwork's agreement and understanding that JMR had secured additional insurance coverage for Plaintiff and Defendants Caritas Construction, Caritas Management, and GY Poplar B Development. (*Id.* ¶ 33.) Plaintiff further alleges that it reasonably expected that the coverage provided by the Nautilus Policies would protect it and its indemnitees, Caritas Construction, Caritas Management, and GY Poplar B Development from and against claims of bodily injury arising out of JMR Ironwork's work on the construction project, including claims such as those asserted

2

by plaintiff in *Leandro Martins Reis v. Venco Builders, Inc., et al.*, November Term, 2023, No. 1517 (C.P. Phila. July 24, 2025). (Complaint ¶ 34.)

Defendant Nautilus removed this action to the United States District Court for the Eastern District of Pennsylvania on the basis of alleged diversity jurisdiction. (Notice of Removal, ECF No. 1.) Plaintiff now challenges Defendant Nautilus' removal of this action to federal court by filing a motion to remand to state court in which it argues that federal subject matter jurisdiction is lacking because Defendant Nautilus cannot establish complete diversity of citizenship. (Motion to Remand, ECF No. 8.) In support of its motion to remand, Plaintiff cites to the fact that Defendants; Caritas Construction, Caritas Management, LLC, GY Poplar B Development, JMR Ironworks, LLC, are all located in Pennsylvania. (*Id.*; Complaint ¶¶ 4-8.)

Plaintiff also filed a Motion for Leave to File an Amended Complaint in which it seeks to name licensed insurance brokers/sales agents Hull & Company and Diversified Insurance Industries as Defendants in this lawsuit. (Motion for Leave to File Amended Complaint, ECF No. 16.) Plaintiff avers that Hull & Company and Diversified Insurance Industries acted as licensed insurance brokers/sales agents for Defendant Nautilus in representations made to JMR Ironworks regarding the policy, including the certificate of insurance. (Proposed Amended Complaint, 16-4.) Plaintiff further avers that Hull Company and Diversified Insurance were instrumental in obtaining the subject policy and in communicating coverage representations to JMR. (Proposed Amended Complaint ¶¶ 28-37.) Therefore, Plaintiff argues that both Hull Company and Diversified Insurance Industries are necessary Parties for an accurate determination as to whether Plaintiff was wrongfully denied coverage and whether misrepresentations were made concerning its additional-insured status. (Motion for Leave to File Amended Complaint ¶¶ 8-10.)

Plaintiff alleges that both Hull & Company and Diversified Insurance Industries are Pennsylvania companies.  (Proposed Amended Complaint ¶¶ 8-9.)

**II.     LEGAL STANDARD:**

Defendant Nautilus removed this action from state court to federal district court.  Removal of a lawsuit from state court to federal district court is permissible if the federal court has subject matter jurisdiction over the matter.  28 U.S.C. § 1446(a).  As the Party asserting the federal court jurisdiction, the Defendant who removed this action from state court "bears the burden of proving that jurisdiction exists." *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010)).  The Court has "an independent obligation to determine whether subject-matter jurisdiction exist[s]." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019).  Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000.  28 U.S.C. § 1332(a).  The burden of establishing a federal court's subject matter jurisdiction rests on the party invoking that jurisdiction. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *The Fred, LLC v. Capstone Turbine Corp.*, No. 2020-0029, 2021 U.S. Dist. LEXIS 50219, at *3 (D.V.I. Mar. 17, 2021).  For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the parties, in that "no plaintiff can be a citizen of the same state as any of the defendants." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 639 (3d Cir. 2021).

**II.A.    Analysis Under 28 U.S.C. § 1447(e):**

When a plaintiff seeks to add a nondiverse party to a lawsuit after its removal to federal court, federal district courts will frequently apply the factors set forth by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. Dec. 17, 1987). When considering a motion to amend or an amended complaint to add a party that will destroy diversity jurisdiction, the court is tasked under *Hensgens* with weighing: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *Paul v. Hess Corp.*, 2021 U.S. Dist. LEXIS 99070, at *15 (D.V.I. May 25, 2021) (citing *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 752-53 (D.N.J. 2007), report and recommendation adopted, 539 F. Supp. 2d 742 (D.N.J. 2008)). The *Hensgens* factors are used to determine whether a court, in exercising its discretion under Section 1447(e), should (1) permit the addition of the nondiverse party and remand, or (2) reject the amendment and retain jurisdiction. *Gumberg Assocs. - Chapel Square v. Keybank Nat'l Ass'n*, No. 20-1661, 2021 U.S. Dist. LEXIS 25240, at *10 (W.D. Pa. Feb. 10, 2021)). District courts have substantial discretion in deciding whether to permit joinder of a nondiverse defendant. *Taylor v. GGNSC Philadelphia, LP*, No. 14-7100, 2015 U.S. Dist. LEXIS 127255, at *12 (E.D. Pa. Sept. 23, 2015).

**III.    DISCUSSION:**

Application of the four *Hengens* factors demonstrate that the Court should permit Plaintiff to file its proposed Amended Complaint adding Defendants Hull & Company and Diversity Insurance Industries. The Court will then remand this action to Pennsylvania Court of Common Pleas for lack of federal subject matter jurisdiction because Defendant Nautilus has

failed to establish complete diversity of citizenship. As previously mentioned hereinabove, Plaintiff's attempt to file the proposed Amended Complaint is subject to 28 U.S.C. § 1447(e), which states "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." When reviewing a motion for leave to join a non-diverse defendant after removal, courts in this circuit have generally applied the factors set forth by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 131 (3d Cir. 2022) (approving of the district court's application of the *Hensgens* factors when analyzing a motion for leave to amend as of right, and noting that there is "no reason why courts should be forbidden to consider the same factors in exercising power pursuant to" Section 1447(e)).

**A.1.    Plaintiff Did Not Manifest a Purposeful Intent to Destroy Federal Diversity Jurisdiction in Moving to File the Proposed Amended Complaint:**

A review of the pleadings demonstrates that Plaintiff was not motivated simply with an intent to destroy diversity jurisdiction when its sought leave to file an Amended Complaint adding Hull & Company and Diversified Insurance Industries as Defendants after this litigation was removed to federal court. In the opinion of this Court, Plaintiff displayed its intent to pursue potential claims against Hull & Company prior to removal of this action to federal court. Plaintiff named Hull & Company in the body of the Complaint that it filed in Philadelphia Court of Common Pleas. (Complaint ¶¶ 26, 29.) Plaintiff also described Hull & Company's alleged liability producing conduct. (*Id.*) Without the benefit of conducting discovery, Plaintiff avers that Hull & Company was the licensed insurance broker/sales agent for Defendant Nautilus. (*Id.*, Exhibits D, F, E.) Therefore, the Court will presume that Plaintiff was exploring the possibility of asserting claims against the insurance brokers and sales agents for Defendant Nautilus when it

6

filed the original Complaint. The fact that Plaintiff now seeks to assert claims against not only Hull & Company but also Diversified Insurance Industries is of no consequence to the analysis of complete diversity jurisdiction in this instance because both Hull & Company and Diversified Insurance Industries are alleged to be Pennsylvania corporations. Therefore, the mere presence of Hull & Company as a Defendant in this litigation would defeat complete diversity jurisdiction and require remand to state court.

**A.2.    The Second Factor Under the *Hensgens* Balancing Test is Neutral:**

There is nothing to suggest that Plaintiff was dilatory in moving to add, join or identify Hull & Company and Diversified Insurance Industries as Defendants in this action. Dilatory conduct under the *Hensgens* analysis includes the length and nature of the delay in moving to amend or remand. *Parker v. Amazon Logistics, Inc.*, No. 23-1760, 2023 U.S. Dist. LEXIS 107798, at *16 (E.D. Pa. 2023); *Parson v. Home Depot USA, Inc.*, No. 13-4817, 2013 U.S. Dist. LEXIS 175185, at *8 (D.N.J. 2013) (finding the plaintiff's conduct to be dilatory where he moved to amend thirty days after the case was removed).

Plaintiff filed this lawsuit on September 15, 2025, and Defendant removed this action to federal court on October 27, 2025. Plaintiff then filed its Motion for Leave to File an Amended Complaint a mere ten days later – on November 6, 2025. Under this procedural history, there is nothing to suggest that Plaintiff delayed this litigation to the prejudice of any Defendant or proposed Defendant.

**A.3.    Plaintiff Demonstrated that It Might Suffer Potential Prejudice if the Court Prevents it from Proceeding against Defendants Hull & Company and Diversified Insurance Industries:**

Plaintiff filed this action in September of 2025. On November 6, 2025, Plaintiff sought leave of Court to file an amended complaint naming Hull & Company and Diversified Insurance

Industries as Defendants. This lawsuit is in the initial pleadings stages with discovery yet to commence. Depositions have not been taken, and no prejudice will result from permitting the requested amendment. Hull & Company and Diversified Insurance Industries will not suffer prejudice and will have sufficient time to plead, participate in discovery, and prepare for any potential trial without this case being unreasonably delayed.

Plaintiff argues that Hull & Company and Diversified Insurance Industries are necessary Parties to this litigation. Defendant Nautilus challenges this contention by arguing that the breach of contract claims asserted against its purported licensed insurance brokers/sales agents – Hull & Company and Diversified Insurance Industries – are without merit and should be dismissed. The Court is not prepared to rule that claims asserted against licensed insurance brokers/sales agents Hull & Company and Diversified Insurance Industries are frivolous prior to the proposed Defendants being added to this litigation, entering an appearance, and tendering a defense. Presumably, naming Defendants directly will enhance Plaintiff's ability to obtain verified answers to interrogatories and requests for production of documents directly from individuals with firsthand knowledge about the contractual negotiations at issue in this litigation. Named Defendants will be more cooperative in attending and participating in depositions if they are added to this litigation.

The Court is not prepared to disregard Plaintiff's argument regarding the need to add the newly named Defendants. The Court further notes that if it did in fact dismiss claims against Hull & Company and Diversified Insurance Industries from this case, Plaintiff would be required to file a separate lawsuit in state court to proceed against these Defendants. Plaintiff would be required to litigate this parallel state court action after this Court rendered a ruling that could potentially be interpreted to suggest that claims asserted against Hull & Company and

Diversified Insurance Industries were frivolous. Under these circumstances, Plaintiff would suffer prejudice based on the burden and added expense of filing two separate parallel lawsuits arising from the same incident in different jurisdictions which could also result in contradictory court rulings. The scenario of parallel litigation would also be burdensome for the court system and wasteful of judicial resources.

**A.4.    The Court Will Omit Analysis of *Hensgens* Factors Bearing on Equity**:

The Court will dispense with further analysis of equity under the *Hensgens* test given its evaluation and conclusions reached on the first three *Hensgens* factors. Under the *Hensgens* test, "[e]quitable factors considered by courts in this District include the efficient use of judicial resources, the effect remand will have on the defendant, and the expertise of the court relative to the applicable law." *Hennix v. Belfor USA Grp., Inc.*, No. 22-1473, 2022 U.S. Dist. LEXIS 152768, at *24 (E.D. Pa. 2022). Where there are no other factors bearing on the equities, it is within a court's discretion to omit these considerations under the *Hensgens* balancing test. *Avenatti v. Fox News Network, LLC*, 41 F.4th 125, 136 n.4. (3d Cir. July 21, 2022).

**IV.    CONCLUSION:**

For these reasons, Plaintiff's Motion for Leave to File an Amended Complaint is granted, and Plaintiff's Proposed Amended Complaint will be deemed filed. This action will then be remanded to the Philadelphia Court of Common Pleas for lack of federal subject matter jurisdiction because removing Defendant Nautilus has failed to establish that complete diversity of citizenship exists in this matter.

BY THE COURT:

　/s/ John Milton Younge　
Judge John Milton Younge